BLOOMER, Respondent, vs. KOEPKE and another, Appellants.

*September 20—October 18, 1921.*

*Appeal: Order granting new trial: Discretion of court: Verdict contrary to evidence.*

1. The action of the trial court in setting aside a verdict for plaintiff and granting a new trial because the verdict was contrary to very persuasive evidence that plaintiff's contract with the defendants was for an entire road-building season for a stated sum, is an exercise of discretion which will not be disturbed on appeal.

2. Where, in addition to such evidence, defendants admitted, both orally and in writing, that plaintiff was hired for the season, they could not complain that the court granted a new trial and allowed them to go before another jury on the issue.

APPEAL from an order of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Action to recover compensation for work done under a contract of hiring. Plaintiff claimed he was hired for the concrete paving season of 1920 as foreman in charge of a certain highway paving job for the sum of $4,000; that he performed his part of the contract; that he was paid the sum of $647.50 and no more, and that $3,352.50 was still due him. Defendants claimed he was hired to complete the entire paving job for $4,000; that he failed to perform the entire job; that allowing him at the contract rate for the portion completed he earned only $1,715, of which $647.50 had been paid him, leaving only $1,067.50 due, for which amount they tendered judgment.

The jury found that (1) the defendants did not agree to pay the plaintiff the sum of $4,000 for his services for the season of 1920 for superintending the construction of the highway; (2) the plaintiff continued in the service of the defendants during the road-building season of 1920; (3) the defendants agreed to pay the plaintiff $4,000 for his services for superintending the construction of the full and complete

road job of 4.83 miles in length; and (4) they assessed plaintiff's damages at $3,000 if the court was of the opinion plaintiff was entitled to recover.

The court was of the opinion that the verdict was contradictory, unsupported by the evidence, and perverse, and granted a new trial. The defendants appealed.

*C. G. Cannon* of Appleton, for the appellants.

*Mark Catlin* of Appleton, for the respondent.

VINJE, J. The trial court faced a situation by no means uncommon in jury cases. He felt that, in view of the very persuasive evidence to the effect that the hiring was by the season at $4,000, justice had not been done, and yet he felt, in view of defendants' contradiction of such evidence, he ought not to change the first finding of the jury and render judgment for plaintiff, but that he would set aside the verdict and grant a new trial. He could not allow a *pro rata* compensation for the completed work as asked by the defendants because there was evidence that the work was delayed by reason of the defendants' failure to furnish material and there was no evidence of the reasonable value of the services rendered. So he granted a new trial. His discretion in that respect cannot be disturbed.

In view of the evidence of several witnesses besides plaintiff's to the effect that the hiring was by the season for $4,000, and the admission of the defendants to the same effect both orally and in a letter to the state highway commission, the defendants certainly cannot complain because the court granted them another opportunity to go before a jury on such issue.

*By the Court.*—Order affirmed.